IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| D'ANDRE ROGERS, | : |
| Petitioner, | : |
| v. | : Civ. Act. No. 14-413-LPS |
| G.R. JOHNSON, Warden, and<br>ATTORNEY GENERAL OF THE<br>STATE OF DELAWARE, | : |
| Respondents. | : |

D'Andre Rogers. *Pro Se* Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

**MEMORANDUM OPINION**

September 26, 2017
Wilmington, Delaware


**STARK, U.S. District Judge:**

## I. INTRODUCTION

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 and an Amended Application (hereinafter referred to collectively as "Petition") filed by Petitioner D'Andre Rogers ("Petitioner"). (D.I. 1; D.I. 5) The State has filed an Answer in Opposition. (D.I. 14) For the reasons discussed, the Court will dismiss the Petition.

## II. BACKGROUND

> [O]n the night of January 3-4, 2009, [Petitioner] drove his friend, Kenneth Miller, to the Wilmington residence of Miller's ex-girlfriend, Tonya Backus. Backus' new boyfriend, Derek Hoey, was present. Miller and Hoey became involved in a confrontation. [Petitioner] decided to become involved. [Petitioner] entered the residence and shot Hoey at least four times with a handgun, killing him. [Petitioner] and Miller fled. [Petitioner] was arrested four months later in North Carolina, where he was staying with Miller's relatives.

*State v. Rogers*, 2013 WL 285735, at *1 (Del. Super. Ct. Jan. 17, 2013).

On May 19, 2010, a Delaware Superior Court jury convicted Petitioner of second degree murder (as a lesser included offense of first degree murder) and possession of a firearm during the commission of a felony ("PFDCF"). *See State v. Rogers*, 2013 WL 285735, at *1 (Del. Super. Ct. Jan. 17, 2013). Following a bench trial on a third charge, the Superior Court found Petitioner guilty of possession of a deadly weapon by a person prohibited ("PDWBPP"). *Id.* at *1 n.1. The Superior Court sentenced Petitioner on September 24, 2010 to a total of forty years at Level V incarceration, suspended after thirty-five years, followed by decreasing levels of probation. (D.I. 14 at 3; *see also Rogers*, 2013 WL 285735, at *1. Petitioner appealed, and the Delaware Supreme Court affirmed his conviction and sentence on March 20, 2102. *See Rogers v. State*, 41 A.3d 430 (Table), 2012 WL 983198, at *1 (Del. Mar. 20, 2012).

On April 3, 2012, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). *See Rogers*, 2013 WL 285735, at *1. The

Superior Court denied the motion on February 22, 2013. *See State v. Rogers*, 2013 WL 1450928, at \*1 (Del. Super. Ct. Feb. 22, 2013). Petitioner filed a notice of appeal from that decision on April 1, 2013, which the Delaware Supreme Court dismissed as untimely on April 10, 2013. *See Rogers v. State*, 2013 WL 1489472 (Del. Apr. 10, 2013). The Delaware Supreme Court denied Petitioner's motion for reargument on April 30, 2013. (D.I. 14 at 4)

In a letter dated March 14, 2014, Petitioner asked the Court to grant habeas relief from his state court conviction. (D.I. 1) Liberally construing the letter as a request for habeas relief, the Court issued an order informing Petitioner of his rights under *United Sates v. Miller*, 197 F.3d 644 (3d Cir. 1999), provided a form habeas petition for him to fill out, and also provided an AEDPA election form for him to indicate how he wished to proceed. (D.I. 4) In July 2104, Petitioner filed the completed form habeas petition. (D.I. 5) This Petition asserts four claims: (1) while instructing the jury about the elements for second degree murder, the Superior Court erred when explaining the phrase "cruel, wicked and depraved indifference to human life"; (2) defense counsel provided ineffective assistance by failing to suppress a recorded statement Petitioner made to police; (3) juror bias prejudiced Petitioner's trial; and (4) defense counsel provided ineffective assistance by withholding helpful evidence. (D.I. 5 at 5, 7, 8, 10) The State filed an Answer, asserting that the Petition should be dismissed as time-barred or, alternatively, because the claims are procedurally barred or meritless. (D.I. 14)

On February 2, 2016, Petitioner filed a second Rule 61 motion, which the Superior Court denied on March 9, 2016. *See State v. Rogers*, 2016 WL 908915 (Del. Super. Ct. Mar. 9, 2016). The record does not indicate whether Petitioner appealed that decision.

2

## III. ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law on April 23, 1996. 28 U.S.C. § 2244(d)(1). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Focusing on the form petition filed in July 2014, the State contends that the Petition should be dismissed as time-barred. However, the Court views the letter and papers Petitioner filed in March 2014 (D.I. 1) as the relevant document for determining the timeliness of this proceeding. For the reasons set forth below, the Court concludes that the instant proceeding is not time-barred.

Petitioner's § 2254 Petition, filed in 2014, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not allege, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D).

3

Given these circumstances, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed Petitioner's conviction on March 20, 2012, and he did not seek certiorari review. Consequently, his conviction became final on June 19, 2012. Applying the one-year limitations period to that date, Petitioner had until June 19, 2013 to timely file his Petition. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that former Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions); Fed. R. Civ. P. 6(a)(1) (providing day of event that triggers period is excluded when computing time periods). Petitioner, however, waited until March 2014[1] to file the Petition. Thus, his habeas Petition is untimely, unless the limitations period can statutorily or equitably tolled. *See Jones*, 195 F.3d at 158. The Court will discuss each doctrine in turn.

## A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). A post-conviction motion that is untimely under

---

[1]Pursuant to the prison mailbox rule, the Court adopts the date on the first Petition -- March 14, 2014 (D.I. 1) -- as the date of filing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003).

4

state law is not properly filed for § 2244(d)(2) purposes and, therefore, has no statutory tolling effect. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

On February 22, 2013, before his conviction became final, Petitioner filed a Rule 61 motion in the Delaware Superior Court. As such, the Rule 61 motion was filed before AEDPA's limitations period began to run.

The Superior Court denied the Rule 61 motion on February 22, 2013, Petitioner filed a notice of appeal from the denial of the Rule 61 motion on April 1, 2013, and the Delaware Supreme Court dismissed the appeal as untimely on April 10, 2013. However, since the Delaware Supreme Court dismissed Petitioner's Rule 61 appeal as untimely, his post-conviction appeal statutorily tolled the limitations clock only for thirty days, and not for the entire pendency of the post-conviction appeal. Given these circumstances, AEPA's limitations period was tolled from June 19, 2012, the date on which Petitioner's conviction became final, through March 25, 2013, the date on which the thirty-day period for appealing the denial of the Rule 61 motion expired. The limitations clock started to run on March 26, 2013. Applying one year to that date demonstrates that Petitioner had until March 26, 2014 to file a timely federal habeas petition. Given these circumstances, the Petition filed on March 14, 2014[2] is timely.

## IV. GOVERNING LEGAL PRINCIPLES

Congress enacted AEDPA "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). Pursuant to AEDPA, a federal court may consider a habeas petition filed

---

[2]The envelope in which Petitioner mailed his initial habeas request is post-marked March 26, 2014. (D.I. 1 at 11) Consequently, the Petition would be timely even if the Court used the postmark date as the date of filing, rather than the date on which Petitioner signed his initial habeas request (March 14, 2014).

5

by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford*, 538 U.S. at 206.

## A. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *see also Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *see also Coverdale v. Snyder*, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000). "Fair

6

presentation of a claim means that the petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *See Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000); *see also Teague v. Lane*, 489 U.S. 288, 297-98 (1989). Although technically exhausted, such claims are nonetheless procedurally defaulted. *See Lines*, 208 F.3d at 160; *see also Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 750; *see also Harris v. Reed*, 489 U.S. 255, 260-64 (1989); *Werts*, 228 F.3d at 192.

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *see also McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494. Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000);

7

*Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *See Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Sweger v. Chesney*, 294 F.3d 506, 522-24 (3d Cir. 2002). A petitioner establishes actual innocence by asserting "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," showing that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *See Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

## B. Standard of Review

When a state's highest court has adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *See Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. *See* 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). This deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied;" as explained by the Supreme Court, "it may be presumed that the

8

state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 98-100 (2011).

Finally, a federal court must presume that the state court's determinations of factual issues are correct. *See* 28 U.S.C. § 2254(e)(1); *see also Appel*, 250 F.3d at 210. This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *see also Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## V.    DISCUSSION

The instant Petition asserts four grounds for relief: (1) the Superior Court erred when instructing the jury about the meaning of the element "cruel, wicked and depraved indifference to human life" for the second degree murder charge; (2) defense counsel provided ineffective assistance by failing to suppress a recorded statement Petitioner made to police; (3) juror bias prejudiced Petitioner's trial; and (4) defense counsel provided ineffective assistance by withholding helpful evidence. (D.I. 5 at 5, 7, 8, 10) The State contends that Claim One fails to present a cognizable issue, and Claims Two, Three, and Four are procedurally barred from federal habeas review.

### A.  Claim One: Improper Jury Instruction

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review, and federal courts cannot re-examine state court determinations of state law issues. *See Mullaney v.*

9

*Wilbur*, 421 U.S. 684, 691 (1975) ("State courts are the ultimate expositors of state law."); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding that claims based on errors of state law are not cognizable on habeas review).

In his first claim, Petitioner contends that the trial court erred in instructing the jury about the meaning of the phrase "cruel, wicked and depraved indifference to human life," which was an element of his charge for second degree murder. He does not assert that the alleged improper jury instruction violated any of his Federal constitutional rights, only that it was an incorrect jury instruction under Delaware state law. Accordingly, the Court will deny Claim One for failing to present an issue cognizable on federal habeas review. *See Jones v. Carroll*, 388 F. Supp. 2d 413, 420-21 (D. Del. 2005) (collecting cases).

### B. Claims Two, Three, and Four: Procedurally Barred

Petitioner presented Claims Two, Three, and Four to the Superior Court in his first Rule 61 motion, and then to the Delaware Supreme Court on post-conviction appeal. The Delaware Supreme Court denied the post-conviction appeal as untimely under Delaware Supreme Court Supreme Court Rule 6. *See Rogers*, 2013 WL 1489472, at *1. Petitioner presented the same claims in his second Rue 61 motion, along with a new argument concerning a 2014 evidence scandal at the Office of the Medical Examiner. *See Rogers*, 2016 908915, at *2. The Superior Court denied the second Rule 61 motion as time-barred under Rule 61(i)(1), as procedurally barred under Rule 61(i)(2) because the claims were not presented in the first Rule 61 motion, and as procedurally barred under Rule 61(i)(4) because some of the claims were formerly adjudicated and, therefore, repetitive. The record indicates that Petitioner did not appeal the denial of his second Rule 61 motion.

Neither of Petitioner's Rule 61 proceedings satisfy the exhaustion requirement. By denying Petitioner's post-conviction appeal regarding the denial of his first Rule 61 motion under Delaware

10

Supreme Court Rule 6, the Delaware Supreme Court articulated a "plain statement" under *Harris v. Reed*, 489 U.S. 255, 263-4 (1984) that its decision rested on state law. In addition, Petitioner did not appeal the denial of his second Rule 61 motion, and any attempt by Petitioner to obtain further state court review via a new Rule 61 motion would be time-barred under Rule 61(i)(1). Given these circumstances, Claims Two, Three, and Four are procedurally defaulted, meaning that the Court cannot review the merits of the Claims absent a showing of cause and prejudice, or that a miscarriage of justice will result absent such review.

Petitioner appears to assert that his default of Claims Two, Three, and Four should be excused because the Delaware courts failed to appoint counsel to represent him during his Rule 61 proceedings. This argument is unavailing. In *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the Supreme Court held that inadequate assistance of counsel during an initial-review state collateral proceeding may establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel. *Id.* at 1320. In order to obtain relief under *Martinez* when the petitioner was not represented by an attorney during an initial collateral proceeding, the petitioner must demonstrate that the underlying ineffective assistance of trial counsel claim is substantial and that he was prejudiced. *Id.* at 1316, 1320. A "substantial" ineffective assistance of trial counsel claim is one that has "some merit" which, given the *Martinez* Court's citation to *Miller-El v. Cockrell*, 537 U.S. 322 (2003), appears to be governed by the standards applicable to certificates of appealability. *Id.* at 1318-19. Significantly, however, the *Martinez* Court explicitly limited its rule, stating that the "holding in this case does not concern errors in other kinds of proceedings, including appeals from initial-review collateral proceedings." *Id.* The Supreme Court explained that, "[w]hile counsel's errors in these [other kinds of] proceedings preclude any further review of the prisoner's claim, the claim will have

11

been addressed by one court, whether it be the trial court, the appellate court on direct review, or the trial court in an initial-review collateral proceeding." *Id.* at 1317.

In addition, the clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688.

When assessing the reasonableness of counsel's performance under *Strickland*, there "is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect," and "*Strickland* [] calls for an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind." *Richter*, 562 U.S. at 109-10. In turn, "[w]hen assessing prejudice under *Strickland*, the question is "whether it is reasonably likely the result would have been different" but for counsel's performance, and the "likelihood of a different result must be substantial, not just conceivable." *Id.* at 111-12.

Finally, in order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-260 (3d Cir. 1991). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

12

### 1. Cause

In this case, *Martinez* does not provide a possible avenue to excuse Petitioner's default of Claim Three, because Claim Three does not allege ineffective assistance of counsel. Petitioner also does not assert any other possible cause for his default of Claim Three.

In turn, even though Claims Two and Four allege ineffective assistance, *Martinez* does not establish cause for his default. In Claim Two, Petitioner contends defense counsel was ineffective for not filing a motion to suppress his recorded police statement which, in turn, permitted the State to introduce portions of the taped statement into evidence at trial. Defense counsel responded to this same allegation during Petitioner's first Rule 61 proceeding, and explained that he did not file a suppression motion "because there were no legal grounds on which to file one." (D.I. 16 at 576) The Superior Court denied Claim Two in Petitioner's first Rule 61 proceeding because Petitioner "failed to set forth any legal or factual basis to support a meritorious suppression motion." *Rogers*, 2013 WL 285735, at *4. The Superior Court also explained that "the redactions made to [Petitioner's] statement were to remove irrelevant and unfairly prejudicial comments," and that defense counsel "reviewed [Petitioner's] statement carefully and made sure everything objectionable was redacted." *Id.* Notably, Petitioner has not provided any evidence establishing a reason to question the Superior Court's conclusion that there was no legal or factual basis to support a suppression motion. He also has failed to explain why defense counsel was ineffective for permitting the State to redact certain portions of his police statement, when the purpose of those redactions was to remove irrelevant and unfairly prejudicial comments. As such, Claim Two does not assert a substantial ineffective assistance of counsel claim, and Petitioner has not demonstrated that he was prejudiced by defense counsel's actions. Thus, *Martinez* does not provide a method by which to excuse Petitioner's default of Claim Two.

In Claim Four, Petitioner contends that defense counsel withheld evidence that would have "helped him" because counsel "didn't like it." (D.I 5 at 10) During Petitioner's first Rule 61 proceeding, the Superior Court summarized Claim Four as follows:

> Chief among [Petitioner's] complaints of ineffective assistance of counsel is according to [Petitioner], his counsel's failure to subpoena witnesses who attended a party with [Petitioner] the night before the murder. [Petitioner] faults his counsel for also failing to introduce into evidence a photograph of [Petitioner] at the party. According to [Petitioner], his counsel refused to use the photograph because it looked like a "gang picture." [Petitioner] contends that the witnesses and photograph would establish that the clothes he was wearing at the party were not the same as the clothing worn by Hoey's killer as described by witnesses.

*Rogers*, 2013 WL 285735, at *5. The Superior Court noted that Petitioner failed to address why "he could not have changed his clothes between the party and the murder." *Id.* at *5. Additionally, the Superior Court explained that Petitioner failed to demonstrate how the presentation of the evidence identified in the instant argument would have affected the outcome of his trial, because defense counsel used "[a] different photograph of [Petitioner] to show what [Petitioner] looked like at the time period at issue." *Id.* at *5. Consequently, the Superior Court held that Petitioner failed to overcome the strong presumption that defense counsel's decision as to which witnesses to call constituted sound trial strategy. *Id.* at *6.

Petitioner has not presented anything in the instant proceeding to demonstrate why this Court should not rely on the strong presumption that defense counsel's decision constituted sound trial strategy. He has also failed to demonstrate that was prejudiced by defense counsel's actions. Thus, *Martinez* does not provide a method by which to excuse Petitioner's default of Claim Four.

### 2. Prejudice and miscarriage of justice

In the absence of cause, the Court will not address the issue of prejudice. Petitioner's default of Claims Two, Three, and Four also cannot be excused under the miscarriage of justice

13

doctrine, because he has not provided new reliable evidence of his actual innocence. Accordingly, the Court will deny Claims Two, Three, and Four as procedurally barred.

## VI. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that Petitioner's habeas Petition does not warrant relief because it is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## VII. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.